FILED
2020 Aug-25  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

DIANE ALLEN,

     Plaintiff,

V.                                      CASE NUMBER:

CHILDERSBURG ESTATES, L.P.
and HUFF MANAGEMENT CO., INC.,

     Defendants.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, DIANE ALLEN, by and through the undersigned attorney and hereby sues the Defendants, CHILDERSBURG ESTATES, L.P., and HUFF MANAGEMENT CO., INC. for declaratory and injunctive relief, as well as for compensatory and punitive damages pursuant to 42 U.S.C. § 3601, *et seq.* ("The Fair Housing Amendments Act of 1988" or "FHAA") and pursuant to 29 U.S.C. § 701, *et seq.* ("§ 504 of the Rehabilitation Act" or "Rehabilitation Act") and alleges:

## **JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief as well as compensatory and punitive damages pursuant to the Fair Housing Amendments Act (42 U.S.C. § 3601, *et. seq.*) and §504 of the Rehabilitation Act 504 of 1973, as amended, (29 U.S.C. § 701 *et seq.*).  This Court has original jurisdiction under 28

1

U.S.C. 1331 and 1343.

2.      Venue is proper in this Court, the Northern District of Alabama, Eastern Division, pursuant to 28 U.S.C. §1391(B).

3.      Plaintiff, DIANE ALLEN (hereinafter referred to as "ALLEN") is over the age of majority and is a resident of Childersburg, Alabama.  ALLEN suffers from what constitutes a handicap or qualified "disability"[1] under the Fair Housing Amendments Act ("FHAA") and the Rehabilitation Act and all other applicable Federal statutes and regulations to the extent that she suffers from Diabetes, diabetic neuropathy of both feet including partial amputation of her right foot, Dysautonomia and associated seizures, and requires mobility aids as a result, such as a walker or wheelchair.

4.      The Defendant, CHILDERSBURG ESTATES, L.P., (hereinafter referred to individually as "CHILDERSBURG ESTATES" or jointly as "Defendants") is a limited partnership registered to do business and, in fact, doing business in Alabama and is the owner and/or operator of the real property and improvements that are the subject of this action, specifically the Childersburg Estates Apartments located at 136 Limbaugh Avenue, Childersburg, Alabama (hereinafter referred to as the "Apartment Complex").

---

[1] This complaint shall use the generally accepted term "disability," utilized in the Americans with Disabilities Act, in lieu of the term "handicap," utilized in the Fair Housing Amendments Act, as the United States Supreme Court has held both terms have the same legal meaning in Bradgon v. Abbot, 524 U.S. 624, 631 (1998).

5.     The Defendant HUFF MANAGEMENT CO., INC. (hereinafter referred to individually as "HMC or jointly as "Defendants") is a corporation registered to do business and, in fact, doing business in Alabama and is the management agent and operator of the Apartment Complex.

**FACTS**

6.     On or about August 6, 2012, Plaintiff entered into a lease agreement with Defendant Childersburg Estates, LP, to rent a low-income, accessible apartment at the Childersburg Estates Apartment Complex financed by the Rural Housing Service, and managed by Defendant HMC.

7.     At the time the lease was executed on August 6, 2012, Plaintiff also made a specific accommodation request of Defendant HMC, as follows: "Resident requires a bigger hallway and bathroom due to use of walker and shower chair inside and outside of bathtub, wider hallways and doorway due to sporadic use of wheelchair.  Resident is a fall risk and uses oxygen routinely. [She requires a] ramp at front door, larger doors and hallway, larger bathroom, and transfer assistance bars in bathroom."

8.     As a result of the accommodation requests made at the time of lease signing, Plaintiff was placed in Apartment K1 located at 235 Ester Williams Drive in Childersburg.

9.      Apartment K1 met all of Plaintiff's accessibility needs and Plaintiff continued to live at the Apartment Complex without incident until the property began to be renovated in the Fall of 2019, and Defendants advised Plaintiff that she would be required to be relocated to a different apartment as part of the renovations.

10.     Upon learning of this, Plaintiff reminded Defendants of her need for specific accommodations for her disabilities.   In support of her request for accommodations, Plaintiff supplied a letter from the office Clayton H. Davis, MD, Davis Family Medicine, signed by Tasia Bradford, FNP-C, confirming that Plaintiff uses a walker, cane, wheelchair, oxygen concentrator, shower chair inside and outside of the bathtub, and further confirming that Plaintiff is a fall risk.

11.     Defendants requested additional paperwork be completed by Davis Family Medicine, and, after receipt of such paperwork, they confirmed that Plaintiff would be relocated to an accessible apartment.

12.     On or about Friday, June 12, 2020, Plaintiff was notified by telephone from the property manager, Marsha Spurlin Morris, that her apartment, K1, was to be renovated beginning the following Monday, June 15, 2020, and that she should box her belongings as she would be moved out to another unit, that had previously been renovated, on the morning of Monday June 15, 2020.  Plaintiff was not told which apartment she would be moved to nor was she given the opportunity to ensure that apartment would meet her accessibility needs.

4

13.     Plaintiff boxed her belongings as instructed and was moved to apartment E1 on June 15, 2020, that had previously been renovated, and which is located at 136 Limbaugh Avenue in Childersburg, Alabama, as a result of the renovation of the apartment she had resided in for over 7 years, apartment K1.

14.     Apartment E1 does not accommodate Plaintiff's disability as the hallway and doors are narrower, the bathroom is smaller and Plaintiff cannot utilize the bathroom to shower due to a lack of space for her shower chairs, and there is insufficient wheelchair maneuvering clearance in the bathroom for Plaintiff to access the lavatory or bathtub, and apartment E1 will not accommodate the use of Plaintiff's walker or wheelchair.

15.     Plaintiff immediately notified Defendants that she was unable to use and enjoy apartment E1 and again reinstated her initial requests for accommodations made back on August 6, 2012.

16.     To date, Plaintiff has not been moved back to apartment K1 or otherwise given accommodations such that she is able to use and enjoy her dwelling despite her disabilities.

17.     Defendants made no effort whatsoever to ensure that Plaintiff's disability would be accommodated through the renovation process and have effectively abandoned her in an apartment she cannot use.

18.     All events giving rise to this lawsuit have occurred in the Northern

District of Alabama, Eastern Division.

## COUNT I
## VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT
## 42 U.S.C. §3604(f)(1)(A)

19.     Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18 of this Complaint.

20.     Defendants are in violation of the applicable provisions of the FHAA and the regulations promulgated thereunder as a result of arbitrary, knowing, deliberate, intentional, willful and/or wanton acts or omissions.

21.     Defendants are discriminating against Plaintiff in the rental of a dwelling, and have made unavailable and denied a dwelling to Plaintiff on the basis of her disability, as prohibited in 42 U.S.C. § 3604(f)(1)(A), by depriving her of the use and enjoyment of apartment K1, an apartment at which she had resided for over 7 years, and which had been assigned to her in response to her request for accommodations in 2012.

22.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants.

23.     Pursuant to 42 U.S.C. § 3613(c)(1), this Court is vested with the authority to grant Plaintiff injunctive relief as well as award both compensatory and punitive damages as a result of Defendants' unlawful discrimination on the basis of

disability.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief:

A.    That the Court declare the subject property owned and administered by Defendants   are violative of the FHAA;

B.    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

C.    That the Court issue a permanent injunction enjoining Defendants from excluding the Plaintiff and members of the public with disabilities from participation in, or the benefits of, their programs and services;

D.    That the Court issue a permanent injunction requiring Defendants to alter the premises of subject property in accordance with the FHAA in a manner that will ensure the covered units are readily accessible to and useable by individuals with disabilities, or to relocate Plaintiff to an apartment that meets her accessibility needs as she enjoyed before her forced relocation;

E.    That the Court award compensatory and punitive damages to Ms. Allen in such amount as determined by the Court to be just and equitable;

F.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II
## VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT
## 42 U.S.C. §3604(f)(2)(A)

7

24.    Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18 of this Complaint.

25.    Defendants are in violation of the applicable provisions of the FHAA and the regulations promulgated thereunder as a result of arbitrary, knowing, deliberate, intentional, willful and/or wanton acts or omissions.

26.    Defendants are discriminating against Plaintiff in the rental of her dwelling as well as in the terms and conditions of such rental, and in the provision of services in connection with such dwelling, on the basis of her disability as prohibited by 42 U.S.C. § 3604 (f)(2)(A), insofar as Plaintiff was required by Defendants to leave her accessible unit that had been assigned to her on account of specific accommodations requested, and has since been assigned a unit that does not satisfy her disability needs such that she cannot use and enjoy her current dwelling on account of her disability since June 15, 2020.

27.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants.

28.    Pursuant to 42 U.S.C. § 3613(c)(1), this Court is vested with the authority to grant Plaintiff injunctive relief as well as award both compensatory and punitive damages as a result of Defendants' unlawful discrimination on the basis of disability.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief:

A.  That the Court declare the subject property owned and administered by Defendants  are violative of the FHAA;

B.  That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

C.  That the Court issue a permanent injunction enjoining Defendants from excluding the Plaintiff and members of the public with disabilities from participation in, or the benefits of, their programs and services;

D.  That the Court issue a permanent injunction requiring Defendants to alter the premises of subject property in accordance with the FHAA in a manner that will ensure the covered units are readily accessible to and useable by individuals with disabilities, or to relocate Plaintiff to an apartment that meets her accessibility needs as she enjoyed before her forced relocation;

E.  That the Court award compensatory and punitive damages to Ms. Allen in such amount as determined by the Court to be just and equitable;

F.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G.  That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT III
## VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT
## 42 U.S.C. §3604(f)(3)(B)

29.  Plaintiff re-alleges and incorporates by reference, as if fully set forth

again herein, the allegations contained in paragraphs 1 through 18 of this Complaint.

30.     Defendants are in violation of the applicable provisions of the FHAA and the regulations promulgated thereunder as a result of arbitrary, knowing, deliberate, intentional, willful and/or wanton acts or omissions.

31.     Defendants are discriminating against Plaintiff by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Plaintiff equal opportunity to use and enjoy her dwelling as prohibited by 42 U.S.C. § 3604 (f)(3)(B), insofar as Plaintiff was required by Defendants to leave her accessible unit that had been assigned to her on account of specific accommodations requested, and has since been assigned a unit that does not satisfy her disability needs such that she cannot use and enjoy her current dwelling on account of her disability since June 15, 2020.

32.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants.

33.     Pursuant to 42 U.S.C. § 3613(c)(1), this Court is vested with the authority to grant Plaintiff injunctive relief as well as award both compensatory and punitive damages as a result of Defendants' unlawful discrimination on the basis of disability.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief:

A.  That the Court declare the subject property owned and administered by Defendants are violative of the FHAA;

B.  That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

C.  That the Court issue a permanent injunction enjoining Defendants from excluding the Plaintiff and members of the public with disabilities from participation in, or the benefits of, their programs and services;

D.  That the Court issue a permanent injunction requiring Defendants to alter the premises of subject property in accordance with the FHAA in a manner that will ensure the covered units are readily accessible to and useable by individuals with disabilities, or to relocate Plaintiff to an apartment that meets her accessibility needs as she enjoyed before her forced relocation;

E.  That the Court award compensatory and punitive damages to Ms. Allen in such amount as determined by the Court to be just and equitable;

F.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G.  That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT IV
## VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT
## 42 U.S.C. §3604(f)(3)(C)

34.  Plaintiff re-alleges and incorporates by reference, as if fully set forth

again herein, the allegations contained in paragraphs 1 through 18 of this Complaint.

35.    Defendants are in violation of the applicable provisions of the FHAA and the regulations promulgated thereunder as a result of arbitrary, knowing, deliberate, intentional, willful and/or wanton acts or omissions.

36.    Defendants are discriminating against Plaintiff by failing to design and construct the subject property after March 13, 1991, so that it is readily accessible to and useable by people with disabilities who require wheelchairs for mobility, as prohibited by 42 U.S.C. § 3604 (f)(3)(C).

37.    Defendants are in violation of 42 U.S.C. § 3604 and 24 C.F.R. § 100.205 and are discriminating against the Plaintiff as the result of *inter alia,* the following specific violations:

       i.    By removing Plaintiff from an apartment that accommodated her accessibility needs and relocating her to an apartment that did not accommodate her accessibility needs (despite Defendants' awareness of Plaintiff's accessibility needs since she moved to the property in 2012).

      ii.    By relocating Plaintiff to a recently renovated apartment containing interior doors that do not provide at least a 32-

inch clear width.

    iii.    By relocating Plaintiff to a recently renovated apartment containing a bathroom that lacks the requisite wheelchair maneuvering clearances to access the bathtub and lavatory.

38.    Upon information and belief there are other current violations of the FHAA and only once Plaintiff and Plaintiff's representatives perform a full inspection of the subject property can all said violations be identified.

39.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants.

40.    Pursuant to 42 U.S.C. § 3613(c)(1), this Court is vested with the authority to grant Plaintiff injunctive relief as well as award both compensatory and punitive damages as a result of Defendants' unlawful discrimination on the basis of disability.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief:

    A.    That the Court declare the subject property owned and administered by Defendants   are violative of the FHAA;

    B.    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

C.  That the Court issue a permanent injunction enjoining Defendants from excluding the Plaintiff and members of the public with disabilities from participation in, or the benefits of, their programs and services;

D.  That the Court issue a permanent injunction requiring Defendants to alter the premises of subject property in accordance with the FHAA in a manner that will ensure the covered units are readily accessible to and useable by individuals with disabilities, or to relocate Plaintiff to an apartment that meets her accessibility needs as she enjoyed before her forced relocation;

E.  That the Court award compensatory and punitive damages to Ms. Allen in such amount as determined by the Court to be just and equitable;

F.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G.  That the Court award such other and further relief as it deems necessary, just and proper.

## <u>COUNT V – VIOLATION OF THE REHABILITATION ACT</u>

41.  Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18 of this Complaint.

42.  As more fully described above, Plaintiff is an individual with a disability.

43.  Furthermore, the Plaintiff is an Alabama resident who resides at the subject Apartment Complex as described above and herein and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendants in said

14

Apartment Complex.

44.    Defendants' acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendants as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq*., and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.*  Defendants are the direct recipient of federal funds sufficient to invoke the coverage of Section 504 insofar as the subject Apartment Complex was financed by the Rural Housing Service, and are unlawfully and intentionally discriminating against Plaintiff on the sole basis of Plaintiff's disabilities.  Upon information and belief, the public programs, services and activities at issue in this cause at the subject facilities have benefited from federal financial assistance.

45.    Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the programs, services and activities offered by Defendants.

46.    Defendants are in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and are discriminating against the Plaintiff due to the violations detailed in paragraph 37 above, which are incorporated herein by reference.

47.    Upon information and belief, there are other current violations of the

Rehabilitation Act at the Apartment Complex and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A   That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Defendants are discriminatory and are violative of the Rehabilitation Act;

B.   That the Court enter an order requiring Defendants to alter their programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C.   That the Court enter an order directing Defendants to evaluate and neutralize their policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.   That the Court enter an order mandating that Defendants undertake a self-evaluation and that such evaluation contain a description of all of Defendants' programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E.   That the Court enter an order mandating Defendants to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise,

take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F.     Awarding reasonable compensatory and punitive damages to Plaintiff;

G.     Awarding reasonable attorney fees, expert fees, costs, and expenses to Plaintiff;

H.     Retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 25th day of August, 2020.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
edwardzwilling@zwillinglaw.com